CIVIL ACTION No. 01-18-00068-CV

IN THE COURT OF APPEALS

FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON TEXAS

MAR 20 2018

CHRISTOPHER A. PRINE
CLERK

WILLIAM E. JOHNSON

Plaintiff/Appellant

v.

STATE OF TEXAS, TEXAS DEPT. CRIM. JUSTICE, et al.,

Defendants/Appellees

_____

PLAINTIFF'S CHALLENGE TO THE

APPELLEES BRIEF AS INCORRECT

_____

TO THE HONORABLE FIRST COURT OF APPEALS:

Plaintiff/Appellant William E. Johnson files his "Plaintiff's Challenge" to the Appellees brief as intentionally incorrect and misleading on the specific issue of Breach of Court Contract by Defendant's/Appellees by way of Constitutional violation where State, and, the Texas Department of Criminal Justice system (hereinafter T.D.C.J.) have violated the Texas Constitution, Art. 1 §16 and, Art. 2 §1; U.S. Const. Art. 1, 2 § 3, and, Art. 1 § 9 cl. 3, and, §10, cl.1, by "impairing the obligation of contracts" using RETROACTIVE Law.

Pg. 1

## I.

In State's brief of "STATEMENT OF THE CASE" is incorrect. Plaintiff now correct, the record to-wit: Conviction ended Aug. 2, 2013;

1) Plaintiff sued for "Breach of Contract" in violation of U.S. Constitution, Art. 1 § 10, cl. 1, and Texas Constitution, Art. 1 § 16;

2) Plaintiff filed original suit for $65 million and has since amended monetary damages with the adding of each party to the sum of $600 million;

3) By this time the Court should have amended partys filed while at Williamson Co. Jail;

A) Office of the Texas Attorney General;

B) Lone Star Fugitive Task Force; and, while at the Harris Co. Jail as follows:

C) Texas Department of Public Safety.

All grounds are proveable at a Jury Trial requested under the Seventh (7th) Amendment to the U.S. Constitution.

## II.

The Court has jurisdiction pursuant to order of the Texas Supreme Court. If the Court holds it lacks jurisdiction, action should be transferred back to the 3rd Court of Appeals in Travis County, Texas.

## III

## ARGUMENT

Simply put, the suit is far from baseless, and, challenges many Constitutional issues the Defendants wish to keep from the public. Each individual, State agency, or contract entity had some part in violating Plaintiff's Constitutionally guaranteed and protected Rights under the 4th, 5th, 6th, 8th, 9th & 14th Amendments by the following actions:

1) Holding him beyond the Judicially-imposed 25 year sentence of 1988 (U.S. Const. Art. 1 § 10 cl.1; Tx Const. Art. 1 § 16) by "impairing the obligation of contracts", i.e. Plea Agreement;

2) By illegally having him arrested and re-arrested on bogus "Blue Warrants" signed by non-Judicial officials of the T.D.C.J.-Parole Div (C.C.P. Art 15.02);

3) By Joni White's Dept. of the T.D.C.J. (Executive branch) illegally adding Time (Tx. Gov't. Code § 508.148(b) that was "calendar time" she had no right to touch as a non-Judicial state employee (Tx. Const. Art. 2 § 1; U.S. Const. Art.s 1, 2 & 3 - Separation-of-Powers Doctrine);

4) By forcing RETROACTIVE Law on Plaintiff that is both a Bill of Attainder & Ex Post Facto Law (Tx. Const. Art. 1 § 16; U.S. Const. Art. 1 § 9 cl. 3, &,

§10 cl.1)

5) By forcing Plaintiff to "lose time in his life" that is "irreparable injury" constituting cruel & unusual punishment (U.S. Const. 8th & 9th Amendments; Tx. Const. Art. 1 §13) without benifit of Due Process & Equal Protection of Law (U.S. Const. 5th, 8th & 14 Amendments; Tx. Const. Art. 1 §§. 10, 15 & 19) "without being duly convicted. U.S. Const. 13th Amendment;

6) By forcing RETROACTIVE Law on Plaintiff that would allow him to cancel Plea Contract. (Tx. Const. Art. 1 §16).

Defendants Motion under Tx. R. Civ. Proc. 91a is void and should be Dismissed with prejudice.

IV

Defendant holds Plaintiff relies heavily on Allstate Ins. Co. v. Abbott but fails to note he also relies on the Doctrine of Stare Decisis and the 5th Circuit Court of Appeals rulings therein. Under Stare Decisis lower courts must follow [SUPERIOR] court precedents. As such, neither Ken Paxton nor David Gutierrez may be Dismissed as "state officials" enforcing illegal and unconstitutional statutes, nor violating Constitutional guarantees,

Pg 4

## V

Defendants hold Plaintiff did not state WHICH statutes were violated. Plaintiff holds he did, and has. A Jury Trial will reveal the outstanding statutes, and those violated by Joni Whites omission.

Plaintiff holds that the Texas Legislature for many terms is at fault as well, herein having enacted Laws RETROACTIVELY that would allow "impairing the obligation of contracts" thus making them partys to suit.

Statutes at fault by omission or commission:

1) Tx Code of Crim. Proc. Chapter 62 - ALL (Acts 1991);

2) Tx. Govt. Codes §§s 508. 250 - 255 (Acts 1997)

3) Tx. Govt. Code § 508. 282;

4) Tx Govt Code governing taking of "Street Time" by a non-Judicial agency & adding to end of sentence (Acts 2003);

5) et al;

6) All Constitutional Articles and Amendments previously list. That enough?

## VI

<u>NO named party</u> is exempt from suit. 11th Amendment does not state that a citizen of the State can't sue the State. Under the T.O.J.A. Ken Paxton [MUST] be named. Tx. Civ Proc. &

Rem. Code § 37a.006 (b). Plaintiff's Brief filed previously sets out Law and Authority by Doctrine of Stare Decisis of Texas Supreme Court and Fifth Circuit Court of Appeals.

## VII. : KEY ISSUE

Defendants state in their Brief that the Plaintiff "does not state when he was [RELEASED] from T.D.C.J. custody" due to the simple fact that the T.D.C.J. states they still have control and custody of Plaintiff, hence the suit.

Both the SCOTUS and 5th Circuit have held: "Under Texas Law, Plea Agreements are "contracts" governed by Texas Contract Law. When one party to "contract" BREACHES, the non-breaching party need not continue performance, and can sue." (cite omitted at present). This is what Plaintiff is doing.

As for the §1983, records will show the original was filed in 2014, well within the Statute of Limitations.

## SUMMARY

Though filing pro se under the Doctrine of Stare Decisis, Defendant's attorney, who has no authority to represent as named party to suit, treats Plaintiff as a lawyer trained in the legal profession. Haines v. Kerner, 404 U.S. 519, 520-

21, 92 S.Ct. 594 (1972) in an intentional act to delay the Jury Trial requested at the time of filing on May 13, 2016 [WHILE STILL IN CUSTODY] illegally at the S.T. Terrell Unit of the T.D.C.J.-C.I.D. Does the Court see Plaintiff's point?

Plaintiff is illegally confined at present in the H.C.S.O. Jail on associated issue where trial Judge refuses to rule on Injuction & Protective Request filed March 9, 2017. ORAL ARGUMENT has been requested.

Last, if Plaintiff was NOT in constructive custody of the State as the T.D.C.J. Parole Div. as Defendants assert, explain how he is being held on an illegally issued parole "Blue Warrant" as review of the H.C.S.O. Jail computer is showing. If not he would be home.

The State's attorney's statute of Limitation argument is void as the issue is ongoing at present. Brief for Appellee should be DENIED as clearly reaching and unfounded.

Respectfully submitted,
/s/ Wm. E. Johnson
William E. Johnson #03915-512
H.C.S.O. Jail 3E1A
1200 Baker Street
Houston, Texas 77002

BRIEF FOR APPELLEE: Received 3/16/2018 / Answerd 3/17/2018

Pg. 7

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 20 2018

CHRISTOPHER A. PRINE
CLERK

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 20 2018

CHRISTOPHER A. PRINE
CLERK

To: Christopher Prine
1st Dist. Court of Appeals
301 Fannin Street
Houston, Tx 77002

Re: Johnson v. State, T.D.C.J. System et al.,
Case No. 01-18-00068-CV

    Enclosed for filing & review for the Courts decision please find the original hard draft of my "Plaintiff's Challenge To The Appellees Brief to Answer". I am filing under my first "Motion For Leave" to file only the original draft as destitute & having to borrow writing material. (See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

    I am issuing Notice to Amy Befeld, Ast. A. Gen. in this matter as attorney for Defendants. I apologize for not being able to electronically file or make copies. Happens when one is a hostage.

                Respectfully submitted,
                /s/ Wm. E. Johnson #02915512
                William E. Johnson
                H.E.S.O. Jail 3E1A
                1200 Baker Street
                Houston, Tx 77002

## aramark

# INDIGENT

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**

Name: William E Gilmore

SPN: 02815512    Cell: 3E.19

Street 1200 Baker St.

HOUSTON, TEXAS 77002

Dated & documented

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAR 2 0 2018

CHRISTOPHER A. PRINE
CLERK

7700266 0016

Christopher A. Prine, Clerk
First Dist, Court of Appeals
301 Fannin Street
Houston, Tx 77002

US POSTAGE ≫ PITNEY BOWES

ZIP 77002
02 4W
0000334684 MAR 19 2018
$ 000.68⁰